SWAIN v. SCHONLEBEN.

SCHONLEBEN v. SWAIN.

(Supreme Court, Special Term, New York County.  March 12, 1908.)

1. BOUNDARIES—PROPERTY INCLUDED IN DESCRIPTION.

Laws 1895, p. 2037, c. 1006, provided that upon the extinguishment of a street as therein provided, all public and private easements should cease, and a street having been thereafter extinguished under the act, a lot fronting thereon was conveyed to plaintiff, together with the land in front of the lot to the middle of the extinguished street; but plaintiff in his deed of the lot to defendant did not include the part of the extinguished street fronting on the lot.  Held that, on the extinguishment of the street, plaintiff's grantor acquired the fee in the street which he expressly conveyed to plaintiff, but the recital in plaintiff's deed to defendant making the line of the extinguished street a boundary of the lot did not inferentially pass title to defendant to any part of the extinguished street.

2. HIGHWAYS—EXTINGUISHMENT—EFFECT.

Defendants can claim no easement in the closed street on which the lot fronts, since all public and private easements therein were extinguished by the act.

3. EASEMENTS—IMPLICATION—WAYS OF NECESSITY.

Defendants may not claim an easement by necessity over the closed street, since they have access to another street over an adjoining lot belonging to themselves.

4. ESTOPPEL—EQUITABLE ESTOPPEL—PARTICIPATION IN JUDICIAL PROCEEDINGS.

Where defendants accepted an award of damages for the discontinuance of a street adjacent to a lot owned by them, discontinued under Laws 1895, p. 2037, c. 1006, providing that, upon the extinguishment of a street, all public and private easements should cease therein, they are thereby estopped to assert an easement in the same street as appurtenant to a lot fronting on the closed street, conveyed to them by plaintiff after the dis-

continuance of the street, since they have recognized the extinguishment of all public and private easements in the street.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Estoppel, §§ 260–263.]

Suit by Harold Swain against Joseph Schonleben to quiet title, in which defendant Schonleben brought a cross-action to restrain plaintiff from inclosing the disputed premises. Judgment for Swain in both actions.

The plaintiff Swain sued to quiet title. Defendant Schonleben brought a cross-action to restrain plaintiff from inclosing the disputed premises, claiming title thereto or at least an easement in the same. The disputed premises consisted of that portion of an extinguished street adjoining a lot conveyed to defendant Schonleben by plaintiff Swain. By a statute passed prior to that conveyance it was provided that, upon the extinguishment of a street as therein provided, all public and private easements therein of whatever sort should cease and determine. The deed from Swain's grantor to him contained a description of the lot in question, and also specifically described the disputed premises which included the land in front of the lot to the middle of the extinguished street. In the deed from Swain to Schonlebens this latter description was omitted. The Schonlebens contended that their deed which recited as one boundary the line of the extinguished street carried inferentially the title to the center line of that street.

Reeves, Todd & Swain, for Harold Swain.
William G. McCrea, for Joseph Schonleben.

DAYTON, J. Under chapter 1006, p. 2037, of the Laws of 1895, the fee to the premises in question passed to the owner of lot No. 102 at the time of the closing of Fifth avenue. It is not disputed that the street has been duly closed and was closed prior to the conveyance from Shaw to Swain. By that conveyance the premises in suit were specifically described as "together with so much of Fifth avenue as shown on said map as adjoins lot No. 102 and lies to the westerly of the center line of said Fifth avenue." This description unquestionably passed the title to Swain. In his deed to the Schonlebens this recital was omitted. It cannot be said that the premises could be inferentially transferred, nor is the Schonlebens' contention that reference to the former line of Fifth avenue in their deed is sufficient to pass title to the middle of the street a sound contention. For, as above stated, all easements, both public and private, were extinguished by the closing of the street under the act of 1895, and the fee of that portion which the then holder held subject to an easement passed to him. In other words, Shaw, when the street was closed, was possessed of what may be regarded as two parcels of property. Formerly, he held lot 102 and the fee to the center line of Fifth avenue as then laid out in front of said lot, subject to an easement. After Fifth avenue was closed, he held lot 102 and the fee to the additional small parcel in front thereof to the center line of Fifth avenue as it formerly existed. He was at liberty to inclose the same and use it as he saw fit. By his deed to Swain he passed both parcels. By Swain's to the Schonlebens the second or smaller parcel was retained by Swain, and the only purpose in referring to the former line of Fifth avenue in the Schonleben deed was to provide an accurate description of what was intended to be conveyed. For the same reasons that prevent the Schonlebens from assert-

ing ownership in the premises they can claim no easement therein, all easements both private and public having been extinguished as above indicated. They can claim no easement of necessity, since they have ready access over lot No. 103, which fronts on Hawkstone street, to lot No. 102, both lots having been conveyed to them by the plaintiff in a single deed, which described them as one parcel. And they are, furthermore, estopped from asserting any claim to such easement by virtue of their having accepted an award for damages for a portion of the discontinued street adjacent to another lot (No. 101) which they owned. They have recognized the extinguishment of all private and public easements in and the discontinuance of Fifth avenue. There must be judgment for Mr. Swain in both actions.